**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | |
|---|---|
| Edward Gyrone Crowder, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:08-3549-CMC-JRM |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| IAP Worldwide Services, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This action has been filed by the Plaintiff, *pro se*, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq.. Plaintiff, formerly an employee of the Defendant IAP Worldwide Services, alleges he was discriminated against by the Defendant because of his race.

On March 25, 2009, Defendant filed a motion to compel Plaintiff to attend and give his deposition. The record shows that Defendant properly noticed Plaintiff's deposition, but he did not appear. On April 6, 2009, Defendant filed a motion to compel Plaintiff to respond to its discovery requests. The record shows that Defendant served requests for production of documents and interrogatories on the Plaintiff, but he failed to respond. On April 17, 2009, Defendant filed a motion to extend discovery due to Plaintiff's failure to cooperate in the discovery process, and again Plaintiff did not respond to the Defendant's motion. A hearing was held on April 29, 2009 to consider the pending motions. Defendant appeared through counsel, however, Plaintiff did not appear. Defendant's motions were granted stating:

    1. Plaintiff shall fully and completely answer the interrogatories and respond to the

        document production requests on or before May 15, 2009;

    2. Defendant shall notice Plaintiff's deposition to be held on or before June 5, 2009;

3. Discovery is extended through June 5, 2009, to comply with this order;

4. Dispositive motions shall be filed on or before June 19, 2009.

Plaintiff was advised that should he fail to answer Defendant's interrogatories and/or respond to Defendant's document production requests and/or fail to appear for his deposition, the undersigned would recommend that his case be dismissed with prejudice pursuant to Rule 37 and Rule 41. *See* Order issued April 29, 2009 (Court Docket No. 23).

The Defendant filed a motion to dismiss on May 28, 2009, stating that Defendant had not received any responses, correspondence or communication from the Plaintiff. Defendant also notified the Court that Plaintiff did not attend his noticed deposition on June 4, 2009, as directed by the undersigned. As the Plaintiff is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was entered by the Court on May 29, 2009, advising him of the importance of a motion to dismiss and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending his case.

However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, Plaintiff has failed to respond to the motion. As such, it appears to the Court that he does not oppose the motion and wishes to abandon this action. A review of the file shows that the Court has received no communication from the Plaintiff since the filing of his complaint well over eight (8) months ago.

A court should consider "(1) the length of inactivity, (2) the issuance of warnings by the court, (3) the nature and amount of disregard shown to Federal rules, local rules, and/or court orders, and (4) the nature and qualities of excuses, etc., when considering whether a Rule 41(b) dismissal

2

is appropriate. While prejudice to the opposing party is often a consideration to be taken into account before dismissing an action, it is not a prerequisite for dismissal pursuant to Rule 41(b)." Mitchell v. Housing Authority of the City of Winston-Salem, 2006 WL 889552, *2 (M.D.N.C. 2006) citing Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2370 at 381, (1995).

The Court of Appeals for the Fourth Circuit has developed a four-prong test to determine whether a Rule 41(b) dismissal is appropriate. The District Court must consider (1) the degree of personal responsibility of the Plaintiff; (2) the amount of prejudice caused the Defendant; (3) the existence of a "drawn-out history of deliberately proceeding in a dilatory fashion"; and (4) the existence of sanctions less drastic than dismissal. Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982); Tinsley v. Quick & Reilly, Inc., 216 F.R.D. 337, 338 (E.D.Va. 2001); Contreras v. NFN Pettiford, No. 05-3552, 2006 WL 2621866 (D.S.C. Sept. 11, 2006). *See also* Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom., Ballard v. Volunteers of America, 493 U.S. 1084 (1990) (Magistrate judge's prior explicit warning that a recommendation of dismissal would result from Plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when Plaintiff did not comply despite warning.); Mutual Federal Savings and Loan Ass'n v. Richards & Associates, Inc., 872 F.2d 88, 92 (4th Cir. 1989).

The record in this case shows that Plaintiff has failed to respond to discovery requests from the Defendant, appear for a scheduled court hearing, and to comply with orders of the undersigned concerning these discovery requests. Plaintiff has also failed to appear for two noticed depositions. Therefore, the Plaintiff clearly meets the first and third prongs of the Fourth Circuit's four prong test.

Defendant continues to incur costs and expenses associated with this lawsuit. Plaintiff's failure to cooperate in discovery has prejudiced the Defendant's ability to ascertain the facts and

prepare a defense in this action. Therefore, these factors clearly also satisfy the second prong of the Fourth Circuit's four part test.

As for the fourth prong of the Fourth Circuit's four part test, the record in this file shows that Plaintiff has failed to participate in discovery, respond to notices and filings received from the Defendants, has failed to appear to give testimony in his case, and has failed to respond to court orders. While the undersigned is uncertain as to whether a sanction less drastic than dismissal will be effective, as Plaintiff has demonstrated a lack of respect for court procedures, rules and requirements, the undersigned is nevertheless mindful of the fact that the Plaintiff is proceeding *pro se*, and that federal courts have historically treated *pro se* litigants with some degree of liberality. However, *pro se* litigants are not immune from any sanction by virtue of their status alone. *See e.g.* Ballard v. Carlson, *supra*; Gantt v. Maryland Div. Of Correction, 894 F.Supp. 226 (D.Md. 1995), *aff'd*, 73 F.3d 357 (4th Cir. 1996). In Ballard, the *pro se* complaint was dismissed with prejudice for failure to obey a court order despite a warning from the court that failure to comply may result in dismissal. The Fourth Circuit upheld the dismissal. *Id.*, at 95-96. In Zaczek v. Fauquier County, et. al., 764 F.Supp. 1074 (E.D. Va. 1991) *aff'd*, 16 F.3d 414 (4th Cir. 1993), the District Court dismissed the *pro se* state prisoner's § 1983 claim for the plaintiff's willful disregard of the court's warnings to cease his abusive motions practice or else have his case dismissed. The court noted that the plaintiff was repeatedly warned that the complaint would be dismissed if he did not obey the orders of the court. *Id.* at 1080; *see also* Choice Hotels Int'l, Inc. v. Goodwin & Boone, 11 F.3d 469, 472 (4th Cir. 1993); Hathcock v. Navistar Int'l Trans. Corp., 53 F.3d 36, 40-41 (4th Cir. 1995) (noting that "this court has emphasized the significance of warning a defendant about the possibility of default (under Rule 37) before entering such a harsh sanction"); Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954,

4

n.2 (4th Cir. 1987) (noting that warning to parties was a "salient fact" that distinguished cases in which default judgment was appropriate sanction for discovery abuse under Rule 37).

It is therefore recommended that Defendant's motion to dismiss be **granted** pursuant to Rule 37 and 41, Fed.R.Civ.P., and that this case be **dismissed** with prejudice.

                                              Joseph R. McCrorey
                                              United States Magistrate Judge

Columbia, South Carolina
September 4, 2009

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).