IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Edward Gyrone Crowder, ) | C.A. No. 3:08-3549-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | OPINION AND ORDER |
| ) | DISMISSING ACTION |
| ) | WITH PREJUDICE |
| IAP Worldwide Services, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court for review of the Report and Recommendation ("Report") entered on September 4, 2009. For the reasons set forth below, the Report is adopted and this action is dismissed with prejudice for failure to cooperate in discovery and failure to comply with an order of the court compelling such cooperation.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**DISCUSSION**

Through this action, Plaintiff, who is proceeding *pro se*, seeks recovery for alleged racial discrimination in employment. As detailed in the Report, Defendant filed three discovery-related motions (two to compel cooperation in discovery and one to extend discovery based on Plaintiff's non-cooperation). Plaintiff neither responded to the motions nor attended the hearing set to consider them. Plaintiff, likewise, failed to comply with the written order issued after that hearing which, among other things, directed Plaintiff to respond to Defendant's interrogatories and requests for production and to attend his deposition, all by specified deadlines. The order, issued on April 29, 2009, advised Plaintiff that failure to comply with the order would result in a recommendation of dismissal *with prejudice*.

According to Defendant's May 28, 2009, motion to dismiss, Plaintiff failed to comply with the April 29, 2009 order. Plaintiff did not respond to that motion despite issuance of a proper Roseboro order. Faced with the above, the Magistrate Judge recommended that the action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).

Plaintiff was advised of his right to object to this recommendation. No objection has been filed despite passage of the time allowed for such objection. This court has, therefore, reviewed the Report for clear error. Having done so, the court concludes that the matter should be dismissed with prejudice for failure to cooperate in discovery and noncompliance with a court order directing cooperation in discovery. Fed. R. Civ. P. 41(b).

**CONCLUSION**

For the reasons set forth above, the Report and Recommendation is adopted and this action is dismissed with prejudice.

IT IS SO ORDERED.

                                                    s/ Cameron McGowan Currie
                                                   CAMERON MCGOWAN CURRIE
                                                   UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 29, 2009